**EATON YALE & TOWNE, INC.,**
**Plaintiff,**

v.

**Alfred GOLDSTEIN et al., Defendants.**

**Civ. A. No. 3380–70.**

United States District Court,
District of Columbia.

March 26, 1971.

J. P. Janetatos, Baker & McKenzie, Washington, D. C., for plaintiff.

Stephen Shane Stark, Asst. Corp. Counsel, District of Columbia, for defendants.

## MEMORANDUM OPINION

GESELL, District Judge.

This is an appeal under 29 D.C.Code § 948(a) taken from the refusal of the Superintendent of Corporations to accept plaintiff's application to change its corporate name, on the grounds that the names "Eaton Corporation" and "Eaton Associates, Inc." are deceptively similar. The Superintendent reached his determination by what he calls an exercise of administrative judgment. No standards other than the Superintendent's subjective notations apparently were applied. The issue is whether a member of the public is likely to be deceived by the partial similarity of these two corporate names.

A trial *de novo* as provided by the Code has been held on the papers, which the parties have each agreed may provide the basis for the Court's decision.

Plaintiff, an Ohio corporation, is a nation-wide company traded on the New York Stock Exchange which sought to reserve the name "Eaton Corporation" as part of a general name change in all jurisdictions where it is admitted to do business. Since the Superintendent has no written regulations or statements of policy, practice or procedures governing the determination as to whether one corporate name is "deceptively similar" to another under 29 D.C. Code § 933b, the Court on the trial *de novo* must consider only the validity of the Superintendent's subjective judgment. The basis of the Superintendent's determination by the exercise of his "experience" and "common sense" was as follows:

1) The Superintendent placed the two names in juxtaposition:

Eaton Associates, Incorporated
Eaton Corporation;

2) He determined the stressed sounds heard upon vocalization of the two names:

EA/ton a/so/she/uts
in/COR/per/a/ted
EA/ton COR/per/a/shun;

3) He found that the stressed sounds in the two names were identical;

4) He found that neither name contains a distinguishing adjective modifying the word, "Eaton;"

5) He disregarded the words, "associates," "incorporated," and "corporation."

The Superintendent was in error in disregarding the words "associates"; his determination is without merit; there are important differences between the two names; they are not deceptively similar.

Plaintiff's motion for summary judgment is granted.